# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EBSEL MIGUEL PIZARRO ORTA,** *et al.*, | * | |
| **Plaintiffs,** | * | |
| v. | * | **Civil Action No. EA-23-1954** |
| **CREEKSTONE LANDSCAPING & EXCAVATING, LLC,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Ebsel Miguel Pizarro Orta filed the above-captioned action on July 21, 2023, asserting various negligence claims against Defendants Creekstone Landscaping & Excavating, LLC (Creekstone); Caleb Z. Ditto; Polman Transfer, Inc. (Polman Transfer); Ronald D. Gordon; and Russ Davis Wholesale Inc., doing business as Blackjack Express (Blackjack Express), related to a motor vehicle accident.  Civil Action No. EA-23-1954, ECF No. 1.  On October 6, 2023, Rindi Dellinger and Jeff Dellinger filed a separate case in which they assert similar claims against the same group of defendants arising from the same incident.[1]  Civil Action No. EA-23-2683, ECF No. 1.  The parties in both cases consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  EA-23-1954, ECF No. 30; EA-23-2683, ECF No. 49.  On January 22, 2024, this Court granted a motion to consolidate the cases with the consent of all parties.  EA-23-1954, ECF No. 51; EA-23-2683, ECF No. 51.

Pending before the Court are four motions filed by Creekstone and Mr. Ditto.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, two of the

---

[1]  Creekstone and Mr. Ditto filed cross claims against Mr. Gordon, Polman Transfer, and Blackjack Express seeking indemnity and/or contribution in both cases.  Civil Action No. EA-23-1954, ECF No. 27; Civil Action No. EA-23-2683, ECF No. 33.

motions filed by Creekstone and Mr. Ditto are denied as moot (EA-23-1954, ECF No. 36; EA-23-2683, ECF No. 34) and the two remaining motions that seek dismissal of Count One of the complaint in each case are granted (EA-23-1954, ECF No. 47; EA-23-2683, ECF No. 41).

## I.    Background

This consolidated case is the result of a multi-vehicle collision that occurred on December 14, 2021.  EA-23-1954, ECF No. 41 ¶ 1.  The accident involved two tractor-trailer trucks and two passenger cars traveling on Interstate 81 in Washington County, Maryland.  *Id.* at ¶¶ 1, 3, 20, 23, 27-28.  The Amended Complaint in the lead case alleges that at around 2:00 p.m., Mr. Gordon was driving a tractor trailer as an employee or agent of Polman Transfer and Blackjack Express.  *Id.* at ¶¶ 10, 20.  Ahead of Mr. Gordon's tractor trailer was another truck, which Mr. Ditto was driving in his role as an employee or agent of Creekstone.  *Id.* at ¶¶ 11, 23, 27-28.  In its Answers to the Amended Complaints, Creekstone admits that Mr. Ditto was its employee and that Mr. Ditto was driving its truck at the time of the accident.  EA-23-1954, ECF No. 46 ¶¶ 11, 23; EA-23-2683, ECF No. 42 ¶¶ 11, 23.  Mr. Pizarro Orta and Mrs. Dellinger were driving passenger cars ahead of both trucks.  EA-23-1954, ECF No. 41 ¶ 28; EA-23-2683, ECF No. 39 ¶ 28.

According to Mr. Pizarro Orta's Amended Complaint, the accident began when Mr. Gordon's truck rear-ended the truck driven by Mr. Ditto.  EA-23-1954, ECF No. 41. ¶ 27.  Mr. Ditto's truck then struck the passenger car driven by Mrs. Dellinger, who was "stopped or significantly slowed" on the highway.  *Id.* at ¶ 28; EA-23-2683, ECF No. 39 ¶¶ 28, 30.  Mrs. Dellinger's car collided with the car Mr. Pizarro Orta was driving.  EA-23-1954, ECF No. 41 ¶ 28.  The collision, which caused Mr. Pizarro Orta's car to become airborne, is alleged to have severely injured Mr. Pizarro Orta and Mrs. Dellinger. *Id.* at ¶¶ 28-29, 43-45; EA-23-2683, ECF No. 39 ¶¶ 29, 46-47.

2

The Amended Complaints in the two cases are almost identical, apart from loss of consortium claims made in the second case and the differences in Plaintiffs' alleged injuries. EA-23-1954, ECF No. 41; EA-23-2683, ECF No. 39.  In Count One of both complaints, Mr. Pizarro Orta and the Dellingers assert that the companies that owned the trucks involved in the accident were generally negligent and negligent in hiring, retaining, training, and supervising their respective drivers.  EA-23-1954, ECF No. 41 ¶ 32; EA-23-2683, ECF No. 39 ¶ 32. Additionally, Mr. Pizarro Orta and the Dellingers contend that the companies negligently entrusted the tractor trailers to Mr. Ditto and Mr. Gordon.  EA-23-1954, ECF No. 41 ¶¶ 33-34; EA-23-2683, ECF No. 39 ¶¶ 33-34.

## II.    Discussion

As noted, four motions are pending.  In the lead case, Creekstone and Mr. Ditto filed a Motion for Judgment and Motion to Dismiss, which challenge Count One of the original and Amended Complaint, respectively.  EA-23-1954, ECF Nos. 36, 47.  In the second case, Creekstone and Mr. Ditto filed two Motions to Dismiss, which challenge Count One of the original and Amended Complaint, respectively.  EA-23-2683, ECF Nos. 34, 41.

### A.    Mootness

In the lead case, Defendants Creekstone and Mr. Ditto filed a Motion for Judgment on Count One pursuant to Federal Rule of Civil Procedure 12(c).  EA-23-1954, ECF No. 36.  Mr. Pizarro Orta responded by amending his complaint pursuant to Rule 15(a)(1)(B).  EA-23-1954, ECF Nos. 41, 42.  Rule 15 permits amendments as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Mr. Pizarro Orta does not meet these criteria given that the initial motion was filed

pursuant to Rule 12(c) and the 21-day periods for amending the complaint contemplated by Rule 15(a) had lapsed.  EA-23-1954, ECF Nos. 36, 41, 42.

Concurrent with the Amended Complaint, Mr. Pizarro Orta filed a Response to the Motion for Judgment that sought leave of court to amend the complaint if the amendment did not fall squarely within the ambit of Rule 15(a)(1)(B).  EA-23-1954, ECF No. 42.  Rule 15(a)(2) provides that amendments outside of Rule 15(a)(1) require the "opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed R. Civ. P. 15(a)(2).  As the United States Supreme Court has made clear, it "is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . technicalities." *Foman* v. *Davis*, 371 U.S. 178, 181 (1962). Therefore, absent any "apparent or declared reason," leave to amend pleadings should be "freely granted," as contemplated by the Rules.  *Id.* at 182.  The Fourth Circuit has instructed that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber* v. *Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (internal citation omitted).

None of these three factors are present here.  Creekstone and Mr. Ditto raised a simple objection to the amendment via email but offered no argument as to any of the three factors that would counsel against granting leave to amend.  EA-23-1954, ECF No. 42.  Instead, they filed an Answer and a Motion to Dismiss directed at the Amended Complaint.  EA-23-1954, ECF Nos. 46, 47.  In fact, the parties agreed to a scheduling order that contemplated amendments to the pleadings through December 26, 2023, and the Amended Complaint was filed on December 6, 2023.  EA-23-1954, ECF Nos. 34, 41.  Mr. Pizarro Orta's request to amend the complaint in the EA-23-1954 is therefore granted.

A properly filed amended complaint supersedes the original complaint and renders the original complaint "of no effect." *Fawzy* v. *Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (internal quotation marks and citation omitted); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1476 (3d Ed. June 2024).  Thus, the Motion for Judgment on the Pleadings is rendered moot by the subsequent Amended Complaint.  *See Ohio River Valley Env't Coal., Inc.* v. *Timmermeyer*, 66 Fed. Appx. 468, 471-472 (4th Cir. 2003) (dismissing interlocutory appeal due to the filing of an amended complaint).  Creekstone and Mr. Ditto also filed a Motion to Dismiss the original complaint pursuant to Rule 12(b)(6) in the second case, to which the Dellingers responded by filing an Amended Complaint within the 21-day period outlined in Rule 15(a)(1)(B).  EA-23-2683, ECF Nos. 34, 39.  Both motions challenging Count One of the original complaints are therefore denied as moot.

## B.     Motions to Dismiss

Creekstone and Mr. Ditto move to dismiss Count One of both Amended Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6).  EA-23-1954, ECF No. 47; EA-23-2683, ECF No. 41.

### 1.     Standard of Review

Rule 12(b)(6) allows a defendant to move for dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion's purpose is to "test the sufficiency of a complaint."  *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see Presley* v. *City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also* Wright & Miller, *supra,* at § 1356.  A claim for relief's sufficiency is assessed against the standard of Federal Rule of Civil Procedure 8(a)(2).  *Migdal* v. *Rowe Price-Fleming Intern., Inc.*, 248 F.3d 321, 325-326 (4th Cir. 2001); *see also Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506, 512 (2002).  That standard requires a "short and plain statement of the claim showing that the pleader

is entitled to relief." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 677-678 (2009).  The Rule 8(a)(2) standard also provides defendants fair notice of what a claim is and the ground upon which the claim rests. *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the allegations in the complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 679 (observing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").  Plausibility does not require probability but requires "more than a sheer possibility." *Iqbal*, 556 at 678.  Determining a claim's plausibility requires the court to "draw on its judicial experience and common sense." *Id.* at 679.  A complaint need not contain "detailed factual allegations" but must include more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  The facts alleged must "raise a right to relief above the speculative level." *Id.*  Bald allegations alone will not suffice, nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 681. Instead, to satisfy Rule 8(a)'s requirements at this stage the complaint need only include "enough factual matter (taken as true)" to suggest a cognizable right of action.  *Twombly*, 550 U.S. at 555-556.  Nor do Plaintiffs need to perfectly state the legal theory supporting the claim at this stage. *Doe* v. *Community Coll. Of Balt. C'nty*, 595 F. Supp. 3d 392, 403 (D. Md. 2022) (quoting *Johnson* v. *City of Shelby*, 574 U.S. 10 (2014)).

When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and draw reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the relief sought. *Iqbal*, 556 U.S. at 678; *see E.I. du Pont de Nemours and Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Semenova* v. *Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).  Although factual allegations are to be taken as true, legal conclusions are not entitled to the same consideration.

6

*Iqbal*, 556 U.S. at 678. "[A] plaintiff armed with nothing more than conclusions" has not satisfied the Rule 12(b)(6) standard. *Id.* at 679. Ultimately, a court determines if the standard is met "by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the complaint states a proper claim. *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotation marks and citations omitted).

### 2.    Count One of the Amended Complaints

The first three counts of the Amended Complaints are the same. EA-23-1954, ECF No. 41; EA-23-2683, ECF No. 39. Count One alleges "negligence/negligent hiring/retention/ entrustment" against organizational defendants Creekstone, Polman Transfer, and Blackjack Express. EA-23-1954, ECF No. 41 ¶¶ 31-36; EA-23-2683, ECF No. 39 ¶¶ 31-36. These claims can be grouped into three categories: (1) general negligence; (2) negligent hiring, training, and retention; and (3) negligent entrustment, each of which is addressed in turn below. Relevant to this discussion are the claims asserted against Creekstone and Mr. Ditto in Count Three, which alleges "negligence/negligence *per se*/*respondeat superior*/agency."[2] EA-23-1954, ECF No. 41 ¶¶ 40-42; EA-23-2683, ECF No. 39 ¶¶ 40-42.

#### i.    *General Negligence*

The general negligence claim asserted in Count One is duplicative of the general negligence claim alleged in Count Three because they "stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Community Coll. Of Balt. C'nty*, 595 F. Supp. 3d at 417 (quoting *Wultz* v. *Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)). Moreover, the general negligence claims are redundant of the

---

[2] Count Two asserts this same set of claims against Mr. Gordon, Polman Transfer, and Blackjack Express. EA-23-1954, ECF No. 41 ¶¶ 37-39; EA-23-2683, ECF No. 39 ¶¶ 37-39.

other negligence-based claims asserted in Count One because the elements of a general

negligence claim and negligent hiring, training, and retention claim are "functionally the same"

under Maryland law.  *Community Coll. of Balt. C'nty*, 595 F. Supp. 3d at 418.  Where courts

identify duplicative claims, one of the duplicative claims should be dismissed for reasons of

judicial economy.  *Wultz*, 755 F. Supp. at 81; *see also Daniel* v. *Home Box Office*, Civil Action

No. ELH-23-233, 2023 WL 8478867, at *19 (D. Md. Dec. 7, 2023) (dismissing claim for

negligent publication as duplicative of libel claim); *Community Coll. of Balt. C'nty*, 595 F. Supp.

3d at 417 (collecting cases) (dismissing duplicative negligence claim where complaint also states

a claim of the tort of negligent selection, training, supervision, or retention).  This is especially so

when the claims are "rooted in the same factual allegations and theory of liability."  *Community

Coll. of Balt. C'nty*, 595 F. Supp. at 418.  Thus, the general negligence claim is subject to

dismissal.

ii.     *Negligent Hiring, Training, and Retention*

Maryland has recognized the tort of negligent hiring, training, and retention for over 100

years.  *Jones* v. *State*, 425 Md. 1, 17-18 (2012).  Where an employer's business deals with the

public, the employer is bound to "to use reasonable care to select employees competent and fit

for the work assigned to them and to refrain from retaining the services of an unfit employee."

*Evans* v. *Morsell*, 284 Md. 160, 166 (1978) (internal quotation marks and citation omitted).

When that duty is neglected and injury to a third-party results, the employer may be liable.  *Id.*

A plaintiff making a claim of negligent hiring, training, or retention must prove: (1) the existence

of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or

constructive knowledge of the incompetence; (4) the employee's act or omission that caused the

plaintiff's injuries; and (5) the employer's negligence in hiring, training, or retaining the

employee as the proximate cause of the plaintiff's injury.  *Asphalt & Concrete Services, Inc.* v.

*Perry*, 221 Md. App. 235, 256 (2015), *aff'd*, 447 Md. 31 (2016); *see also Doe* v. *Uber Techs., Inc*., Civil Action No. JKB-20-370, 2021 WL 2382837, at *3 (D. Md. June 9, 2021).

Taking all of the facts alleged in the Amended Complaints as true and drawing all reasonable inferences in favor of the plaintiffs, Mr. Pizarro Orta and the Dellingers fail to state a claim for negligent hiring, training, and retention.  Both Amended Complaints fail to allege plausible facts supporting the third element of such a claim:  the employer's actual or constructive knowledge of the employee's incompetence.  Count One of each Amended Complaint rests entirely on conclusory allegations regarding Creekstone's knowledge of Mr. Ditto's incompetence.  EA-23-1954, ECF No. 41 ¶¶ 31-36; EA-23-2683, ECF No. 39 ¶¶ 31-36.  There are no allegations in either pleading indicating that Creekstone knew Mr. Ditto was an ineffectual driver before hiring him.  Nor do the Amended Complaints allege that Creekstone learned that Mr. Ditto was a deficient driver while retained in Creekstone's employ.

As for training, paragraph 18 in both Amended Complaints states:

> On or before December 14, 2021, Defendant[ ] Creekstone . . . failed to formulate adequate training, policies and procedures regarding the operation of commercial motor vehicles including – with respect to drivers – to reduce the risks associated with those areas of operation specifically outlined in paragraphs 14 and 15, such that the drivers (including those described herein) lacked the requisite knowledge and experience in the safe operation of commercial motor vehicles such that the risk of harm to the motoring public increased.

EA-23-1954, ECF No. 41 ¶ 18; EA-23-2683, ECF No. 39 ¶ 18.  This conclusory statement, like others in the complaint, is not entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 681.  The Amended Complaints offer only these types of conclusory statements regarding Creekstone's purported knowledge of Mr. Ditto's unfitness to drive a truck either at the time of his hiring or during the course of Mr. Ditto's employment or training by Creekstone.

Plaintiffs' reliance on paragraphs 6 and 32 of the Amended Complaint to satisfy this element is unavailing.  EA-23-1954, ECF No. 48 at 7; EA-23-2683, ECF No. 45 at 7. [3] Paragraph 6 identifies Creekstone as a Maryland business entity that is registered as "an authorized for hire and private motor carrier with the Federal Motor Carrier Safety Administration."  EA-23-1954, ECF No. 41 ¶ 6; EA-23-2683, ECF No. 39 ¶ 6.  Paragraph 32 contain nothing more than conclusory allegations bereft of any specific facts.  EA-23-1954, ECF No. 41 ¶ 32 (alleging that Creekstone "negligently, carelessly, recklessly and unlawfully hired, retained, trained, and supervised [its] agents, employees, servants and/or independent contractors who they assigned to operate, drive, and control said vehicles, in that, among other things . . . Creekstone . . . knew or should have known that . . . [Mr.] Ditto [was] unfit for specific tasks to be performed during the course and scope of [his] employment and[/]or agency, namely the safe operation of said vehicles."); EA-23-2683, ECF No. 39 ¶ 32 (same).  Paragraphs 12 to 19, also cited by Plaintiffs in support of this element, do no more than outline Defendants' legal obligations.  EA-23-1954, ECF No. 48 at 9; EA-23-2683, ECF No. 45 at 9.  Both Amended Complaints thus plead insufficient facts that show Creekstone had "actual or constructive knowledge" of Mr. Ditto's purported incompetence.

The same applies to the fifth element: proximate cause.  In Maryland, proving negligent hiring, retention, or training requires evidence of "two links in the causal chain."  *Cramer* v. *Housing Opportunities Comm'n of Montgomery C'nty.*, 304 Md. 705, 713 (1985).  The first link involves the failure of the employer to undertake a reasonable inquiry resulting in negligent hiring, retention, or training.  *Id.*  Second, the plaintiff must show that the hiring, retention, or training was the proximate cause of the injury in question.  *Id.*  For conduct to be the proximate

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

cause of an injury, a plaintiff must show the defendant's negligence was "legally cognizable," an inquiry involving a "determination of whether the injuries were a foreseeable result of the negligent conduct." *Mitchell* v. *Rite Aid of Md., Inc.*, 257 Md. App. 273, 320 (2023).

Count One of the Amended Complaints asserts simply that Creekstone's negligent actions were the proximate and legal cause of the injuries and damages suffered by the Plaintiffs. EA-23-1954, ECF No. 41 ¶¶ 34, 36; EA-23-2683, ECF No. 39 ¶¶ 34, 36. Beyond these conclusory claims, the Amended Complaints again offer no facts about how Creekstone was negligent in hiring, training, and retaining Mr. Ditto and how Creekstone's negligence was the proximate cause of the accident. As pled, neither Amended Complaint satisfies the causal requirements for the negligent hiring, training, and retention laid out in *Asphalt & Concrete Servs., Inc.* v. *Perry*, 221 Md. App. at 256.

### iii.   *Negligent Entrustment*

Count One also alleges that Creekstone negligently entrusted its truck to Mr. Ditto. EA-23-1954, ECF No. 41 ¶¶ 31-36; EA-23-2683, ECF No. 39 ¶¶ 31-36. Maryland recognizes the tort of negligent entrustment as described in the Restatement (Second) of Torts. *Mackey* v. *Dorsey*, 104 Md. App. 250, 257-258 (1995). The restatement provides:

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Id.* at 258 (quoting Restatement (Second) of Torts § 390 (Am L. Inst. 1965)); *see also Curley* v. *General Valet Serv., Inc.*, 270 Md. 248, 255 (1973); *Rounds* v. *Phillips*, 166 Md. 151, 170 A. 532, 535 (1934). There are three elements of a negligent entrustment claim: (1) the making available to another a chattel which the supplier (2) knows or should have known the user is likely to use in a manner involving risk of physical harm to others (3) the supplier should expect

to be endangered by its use. *Mackey*, 104 Md. App. at 258; *see also McGuiness* v. *Brink's, Inc.*, 60 F. Supp. 2d 496, 500 (D. Md. 1999).

An essential element of a negligent entrustment tort is the "knowledge of the supplier concerning the likelihood of the person to whom he entrusts the chattel to use it in a dangerous manner." *Mackey*, 104 Md. App. at 258 (internal citations omitted); *Morrell* v. *Williams*, 279 Md. 497, 503 (1976) (stating that negligent entrustment claims involving automobiles "require[] scienter and has been applied in cases involving automobiles where the owner knew or should have known that the use of the entrusted car by the entrustee would likely involve unreasonable risk"). Yet, neither Amended Complaint pleads sufficient facts alleging that Creekstone knew that entrusting its vehicle to Mr. Ditto involved unreasonable risk. EA-23-1954, ECF No. 41 ¶¶ 31-36; EA-23-2683, ECF No. 39 ¶¶ 31-36. Where the Amended Complaints come closest to doing so, Mr. Pizarro Orta and the Dellingers again only offer conclusory statements. EA-23-1954, ECF No. 41 ¶ 32; EA-23-2683, ECF No. 39 ¶ 32. As observed by the *Morrell* Court, the "doctrine of negligent entrustment may be invoked only against the vehicle owner who knows or should have known that the use would involve an inordinate risk of physical harm." 24 Md. at 504. Here, the Plaintiffs offer a single conclusory statement that Creekstone knew Mr. Ditto was an unfit driver. That conclusory statement is not entitled to the presumption of truth and is not sufficient to meet the *Iqbal* standard of plausibility. 556 U.S. at 681.

Moreover, under Maryland law, a plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against a vehicle's owner where the owner admits the driver was the owner's agent or employee. *Houlihan* v. *McCall*, 197 Md. 130, 137-138 (1951); *see also Villalta* v. *B.K. Trucking & Warehousing, L.L.C.*, Civil Action No. DKC 2007-1184, 2008 WL 11366412, at *5 (D. Md. Aug. 4, 2008). Allowing a plaintiff to proceed on both a negligent entrustment theory and an agency theory is "unnecessary and improper" because it would permit

the introduction of prejudicial evidence.  *Villalta*, 2008 WL 11366412, at *5.  This Court has affirmed this view of a negligent entrustment claim in the context of a truck accident on multiple occasions.  *E.g.*, *Sneed* v. *SW Trucking LLC*, Civil Action No. ADC-19-626, 2020 WL 1812866, at *3-4 (D. Md. Apr. 9, 2020); *Brown* v. *Kahl*, Civil Action No. JMC-18-352, 2018 WL 4108030 at *4-5 (D. Md. Aug. 29, 2018); *Day* v. *Stevens,* Civil Action No. JMC-17-2638, 2018 WL 2064735, at *4-6 (D. Md. May 3, 2018).  Here, Creekstone admits that Mr. Ditto was its employee and was driving its vehicle at the time of the accident.   EA-23-1954, ECF No. 46 ¶¶ 11, 23; EA-23-2683, ECF No. 42 ¶¶ 11, 23.  Plaintiffs are seeking compensatory damages only. EA-23-1954, ECF No. 41 ¶ 46; EA-23-2683, ECF No. 39 ¶ 48.  Therefore, Plaintiffs may not rely on a negligent entrustment theory.

## III.    Conclusion

For the foregoing reasons, it is hereby ordered that the Motions to Dismiss (EA-23-1954, ECF No. 47; EA-23-2683, ECF No. 41) are granted as to dismissal of Count One as to Creekstone.  Creekstone and Mr. Ditto's Motion for Judgment (EA-23-1954, ECF No. 36) and Motion to Dismiss the Dellingers' original Complaint (EA-23-2683, ECF No. 34) are denied as moot.  The consolidated case will be referred for a settlement conference.  Briefing in the motions for partial summary judgment and for a protective order that Polman Transfer and Mr. Gordon filed on July 19, 2024 (EA-23-1954, ECF Nos. 60 and 61) is stayed pending the outcome of the settlement conference.  A separate Order will follow.


Date: July 25, 2024                                 _____/s/_____
                                                     Erin Aslan
                                                     United States Magistrate Judge