UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EBSEL MIGUEL PIZARRO ORTA**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. EA-23-1954 |
| **CREEKSTONE LANDSCAPING & EXCAVATING, LLC**, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM ORDER**

Plaintiff Ebsel Miguel Pizarro Orta filed the above-captioned action on July 21, 2023, asserting various negligence claims against Defendants Creekstone Landscaping & Excavating, LLC (Creekstone); Caleb Z. Ditto; Polman Transfer, Inc. (Polman Transfer); Ronald D. Gordon; and Russ Davis Wholesale Inc., doing business as Blackjack Express (Blackjack Express), related to a motor vehicle accident.  Civil Action No. EA-23-1954, ECF No. 1.  On October 6, 2023, Rindi Dellinger and Jeff Dellinger filed a separate case in which they assert similar claims against the same group of defendants arising from the same incident.[1]  Civil Action No. EA-23-2683, ECF No. 1.  Subsequently, the Plaintiffs filed Amended Complaints.  EA-23-1954, ECF No. 41; EA-23-2683, ECF No. 39.  The parties in both cases consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  EA-23-1954, ECF No. 30; EA-23-2683, ECF No. 49.  On January 22, 2024, the undersigned granted a motion to consolidate the cases with the consent of all parties.  EA-23-1954, ECF No. 51; EA-23-2683, ECF No. 51.

---

[1] Creekstone and Mr. Ditto filed cross claims against Mr. Gordon, Polman Transfer, and Blackjack Express seeking indemnity and/or contribution in both cases.  Civil Action No. EA-23-1954, ECF No. 27; Civil Action No. EA-23-2683, ECF No. 33.

The Amended Complaints in the consolidated cases are almost identical, apart from loss of consortium claims made in the second case and the differences in Plaintiffs' alleged injuries. EA-23-1954, ECF No. 41; EA-23-2683, ECF No. 39. In Count One of both Amended Complaints, Mr. Pizarro Orta and the Dellingers assert that the companies that owned the trucks involved in the accident were generally negligent and negligent in hiring, retaining, training, and supervising their respective drivers. EA-23-1954, ECF No. 41 ¶ 32; EA-23-2683, ECF No. 39 ¶ 32. Additionally, Mr. Pizarro Orta and the Dellingers contend that the companies negligently entrusted the tractor trailers to Mr. Ditto and Mr. Gordon. EA-23-1954, ECF No. 41 ¶¶ 33-34; EA-23-2683, ECF No. 39 ¶¶ 33-34.

By Memorandum Opinion and Order dated July 25, 2024, the undersigned granted Creekstone and Mr. Ditto's Motion to Dismiss Count One of both Amended Complaints, which alleged "negligence/negligent hiring/retention/entrustment" against organizational defendants Creekstone, Polman Transfer, and Blackjack Express. *Pizarro Orta* v. *Creekstone Landscaping & Excavating, LLC*, Civil Action No. EA-23-1954, 2024 WL 3555093, at *4-6 (D. Md. July 25, 2024). In particular, the undersigned found that the general negligence claims in Count One of the Amended Complaints were duplicative of the general negligence claim alleged in Count Three and redundant of other negligence-based claims asserted in Count One. *Id.* at *4. The undersigned further found that in Count One Plaintiffs failed to state a plausible claim for negligent hiring, training, and retention or negligent entrustment. *Id.* at *5-6. Finally, the undersigned noted that under Maryland law, Plaintiffs cannot rely on a negligent entrustment theory because they seek compensatory damages only and Creekstone has admitted that Mr. Ditto was its employee and driving its vehicle at the time of the accident. *Id.* at *6 (citing *Houlihan v. McCall*, 197 Md. 130, 137-138 (1951) and collecting cases).

Now pending before the Court is a motion for partial summary judgment in which the other two Defendants (Polman Transfer and Mr. Gordon) challenge Count One of both Amended Complaints on the same grounds. EA-23-1954, ECF No. 60. Like Creekstone, Polman Transfer has stipulated that Mr. Gordon was its employee and acting within the scope of that employment at the time of the occurrence. *Id.* ¶ 3; *see also* ECF No. 60-1 at 3–4.[2] In their motion, Polman and Mr. Gordon argue that "[b]y stipulating to agency and responsibility, derivative counts such as negligent hiring, and/or entrustment are superfluous and unnecessary." *Id.* at 7; *see also id.* at 7–8 (discussing *Houlihan*, 197 Md. 130 and other decisions of this Court). In their joint response to this motion, Plaintiffs indicate that they do not oppose dismissal of Count One of both Amended Complaints. EA-23-1954, ECF No. 74.

In light of the foregoing and for the reasons set forth in the prior Memorandum Opinion (EA-23-1954, ECF No. 64), it is hereby ORDERED that:

1. The motion for partial summary judgment (EA-23-1954, ECF No. 60) is GRANTED;

2. Judgment is ENTERED in favor of Defendants Polman Transfer and Mr. Gordon and against Plaintiffs on Count One of both Amended Complaints (EA-23-1954, ECF No. 1; EA-23-2683, ECF No. 1).

Date: February 6, 2025

                                            /s/
Erin Aslan
United States Magistrate Judge

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.